1        HONORABLE RONALD B. LEIGHTON

2

3

4

5

6                    UNITED STATES DISTRICT COURT
7                    WESTERN DISTRICT OF WASHINGTON
                            AT TACOMA
8
        CALVIN B. CLARK, individually,          CASE NO. 3:11-cv-05246-RBL
9
                            Plaintiff,           ORDER DENYING PLAINTIFF'S
10                                               MOTION FOR PARTIAL
                   v.                            SUMMARY JUDGMENT
11
        THE CITY OF TACOMA,
12
                            Defendants.
13

14        THIS MATTER is before the Court on Plaintiff's Motion for Partial Summary Judgment

15   (Dkt. # 23) asking this Court to strike Defendants' affirmative defense of "Previously Executed

16   Releases" (Dkt. # 19).  The case arises from a January 24, 2008 incident where Tacoma police

17   officers executed a search warrant of Plaintiff's home.  For the reasons below, the motion is

18   DENIED.

19                                    **FACTS**

20        On January 24, 2008, Tacoma police officers obtained a search warrant from Pierce

21   County Superior Court to search Plaintiff's home, located in Tacoma, Washington.  Decl. of

22   Gregory A. Williams (Williams Decl.), Ex. A (Dkt. # 24).  Defendants Shafner and Walkinshaw

23   used a breaching tool to access Plaintiff's locked wall safe, and damaged the safe and wall in the

24

1  process.  Williams Decl., Ex. C (Req. for Admis. #10, 15).  While Defendants have not seized (in

2  the literal sense) any portion of Plaintiff's safe or wall,  *see* Williams Decl., Ex. C, they

3  acknowledge that the destruction of Plaintiff's property constitutes a seizure under the Fourth-

4  Amendment.  Defs.' Resp. at 11–12.  Tacoma Police did seize Plaintiff's Dodge Caravan, Ford

5  Explorer, and $11,857.  *Id.*, Ex. C, (Req. for Admis. #117, 118, 119).

6        On February 24, 2009, Plaintiff moved to suppress evidence due to a defective search

7  warrant application.  The superior court granted Plaintiff's motion on August 26, 2009.  *Id.*, Ex.

8  D–E.  On September 10, 2009, Plaintiff entered into two separate stipulations and orders of

9  dismissal, with his attorney present.  *Id.*, Ex. F.  The stipulations and orders of dismissal include

10  broad release clauses:

11      1.     The CITY OF TACOMA, TACOMA POLICE DEPARTMENT, in
   agreement with . . . [Plaintiff], as set forth below, release to Claimant Claimants [sic]

12  or Claimants' attorney all right, title and interest it holds in ONE 2000 DODGE
   CARAVAN. . . AND $11,857.00 [the second release states solely ONE 2007 FORD

13  EXPEDITION] . . . seized by the Tacoma Police Department . . . .

14      2.     Claimants further agree that, in return for the CITY'S release of any and all
   title and interest it may have in the property described in paragraph one (1) above,

15  and return of the same to the Clarks, the claimants hereby release, acquit and further
   discharge the CITY OF TACOMA, TACOMA POLICE DEPARTMENT, ITS

16  OFFICERS AND EMPLOYEES, ELECTED OR APPOINTED, from any and all
   actions, claims or damages he or she may have in any way connected with or arising

17  out of the CITY'S seizure, storage or return of all property seized including but not
   limited to attorney's fees.

18  *Id.*, Ex. F.

19        Plaintiff urges this Court to hold, as a matter of law, that the releases are invalid because

20  the releases: (1) are unenforceable for lack of consideration; (2) are illegal; and are in any event

21  (3) irrelevant given that Defendants did not literally seize the safe and wall.  Pl.'s Mot. Summ. J.

22  at 4, 6, 10, 11.  In the alternative, Plaintiff argues that the terms "City" and "seized" are

23  ambiguous material terms that create a genuine issue of material fact for the jury.  *Id.* at 21.

24

ORDER DENYING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 2

1       Defendants argue that the agreements are supported by legally sufficient consideration,

2  and the releases are otherwise valid.  Defs.' Resp. at 3 (Dkt. # 26).  In short, Defendants contend

3  that Plaintiff agreed to release any and all claims "arising out of" or "connected with" the seizure

4  of his property in exchange for the cessation of the civil forfeiture proceedings and the return of

5  his property.  *Id.* at 11.

6                                       **DISCUSSION**

7       Summary judgment is appropriate when, viewing the facts in the light most favorable to

8  the non-moving party, "there is no genuine issue of material fact and that the moving party is

9  entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party has the initial

10  burden of establishing that there is "no genuine issue as to any material fact." *Adickes v. S.H.*

11  *Kress & Co.*, 398 U.S. 144, 157 (1970).  However, the moving party is entitled to summary

12  judgment if the non-moving party fails to present "specific facts showing that there is a genuine

13  issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  To survive a motion for

14  summary judgment, the non-moving party cannot rely merely on the unsupported allegations of

15  the complaint, and must present more than a mere "scintilla of evidence" in his favor. *Anderson*

16  *v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

17       Federal Rule of Civil Procedure 56(d) provides for partial summary judgment:

18          If summary judgment is not rendered on the whole action, the court
          should, to the extent practicable, determine what material facts are not genuinely

19          at issue. . . . It should then issue an order specifying what facts . . . are not
          genuinely at issue. The facts so specified must be treated as established in the

20          action.

21  Fed. R. Civ. P. 56(d)(1).

22       **A.**     **Consideration**

23       "A federal district court must apply the state law that would be applied by the state court

24  of the state in which it sits." *Shannon-Vail Five Inc. v. Bunch*, 270 F.3d 1207, 1210 (9th Cir.

2001).  The Supreme Court of Washington has consistently held that contract principles govern releases.  *Del Rosario v. Del Rosario*, 152 Wash. 2d 375, 382 (2004). In addition, contract principles govern final judgments entered by stipulation or consent.  *Wm. Dickson Co. v. Pierce County*, 128 Wash. App. 488, 493 (2005).

Generally, a contract must be supported by consideration to be enforceable.  *Keystone Land & Dev. Co. v. Xerox Corp.*, 152 Wash. 2d 171, 178 (2004). "Whether a contract is supported by consideration is a question of law and may be properly determined by a court on summary judgment." *Nationwide Mut. Fire Ins. Co. v. Watson,* 120 Wash. 2d 178, 195 (1992). Consideration is defined as any "act, forbearance, creation, modification or destruction of a legal relationship, or return promise given in exchange." *King v. Riveland*, 125 Wash. 2d 500, 505 (1994).  In order to constitute consideration, an act or promise must be bargained for and given in exchange for the promise. *Trotzer v. Vig*, 149 Wash. App. 594, 605–06 (2009).  However, it is well established that the performance of an agreement to do that which one is already obliged to do does not constitute consideration to support a contract.  *Boardman v. Dorsett*, 38 Wash. App. 338, 341 (1984).

At the heart of the consideration issue is whether Defendant was legally obligated to return Plaintiff's property, regardless of the releases.  Under Washington State Superior Court Criminal Rule 2.3 (CrR 2.3) a party may file a motion for return of property, and if granted, the property shall be returned.  Defendants would have had a legal obligation to return Plaintiff's seized property *only if* Plaintiff had filed, and a court had granted, a motion for return of property.  CrR 2.3(e)  (allowing parties aggrieved by an unlawful search and seizure to move the court for the return of the property).

1    Plaintiff asserts that because a motion for the return of property made "after the

2    information is filed" is treated as a motion to suppress, it follows that a motion to suppress is

3    treated as a motion for the return of property.  Pl.'s Mot. Summ. J. at 8–9; Pl.'s Reply at 5.

4    According to Plaintiff, since the superior court granted a motion to suppress after the information

5    was filed, Defendant was legally obligated to return Plaintiff's property pursuant to CrR 2.3(e).

6    *Id.*  However, Plaintiff erroneously applies principles of formal logic.  Although a CrR 2.3

7    motion for return of property may be treated as a motion to suppress, the reverse is not true. *See*

8    CrR 2.3(e).  In sum, Defendants did not have a pre-existing duty to return Plaintiff's property

9    because Plaintiff did not file a motion for the return of property.

10    Because Defendants had no pre-existing duty, Plaintiffs cannot establish a lack of

11    consideration.  Courts generally do not delve into the adequacy of consideration; rather, courts

12    utilize a legal sufficiency test.  *Labriola v. Pollard Group, Inc.*, 152 Wash. 2d 828, 834 (2004).

13    Legal sufficiency "is concerned not with the comparative value but with that which will support

14    a promise."  *Id.* at 834 (quoting *Browning v. Johnson*, 70 Wash.2d 145, 147 (1967)).  Here, a

15    legally sufficient promise exists: Plaintiff bargained for Defendant's relinquishment of all "right,

16    title and interest it holds" in Plaintiff's property in exchange for Plaintiff's relinquishment of

17    "any and all actions, claims or damages he or she may have in any way connected with or arising

18    out of the CITY's seizure, storage or return of all property seized."  Williams Decl., Ex. F.

19    Accordingly, the releases between Plaintiff and Defendant contain legally sufficient

20    consideration, and thus, are legally valid.

21    **B.    Illegality**

22    Plaintiff next argues that Defendants' seizure of Plaintiff's property pursuant to a warrant

23    that was later held invalid amounts to theft and any promise to perform an illegal act is

24    unenforceable, and thus, the releases are invalid.  Pl.'s Mot. Summ. J. at 10.  Plaintiff relies on

ORDER DENYING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 5

1    *State v. Pelkey*, 58 Wash. App. 610 (1990), which held that property given to an officer as a

2    bribe was not returnable on a CrR 2.3 motion because "the transaction . . . resembles an illegal

3    contract," and "Washington courts leave the parties to the [illegal] contract where they find

4    them." *Id.* at 1289.  In short, the court refused to return Mr. Pelkey's bribe.

5        Here, the releases are not an agreement to perform an illegal act, i.e., theft.  They are an

6    agreement to waive liability in exchange for the immediate return of property and the cessation

7    of forfeiture proceedings—without the necessity of bringing a motion for the return of property.

8    Plaintiff voluntarily entered the releases in the presence of an attorney, and the releases are

9    enforceable.

10       **C.    Scope of the Releases**

11       Plaintiff next argues that the releases do not bar his claims relating to the wall or safe

12   because Defendants never seized either.  Pl.'s Mot. Summ. J. at 11.  The language of the

13   releases, however, absolves Defendants from "any and all actions, claims or damages he or she

14   may have *in any way connected with* or *arising out of* the City's seizure."  Williams Decl., Ex. F

15   (emphasis added).  Thus, as to whether Plaintiff's subject safe or wall was actually seized is

16   irrelevant because any damage to the safe or wall was connected with or arose out of

17   Defendants' execution of the search warrant.

18       **D.    Ambiguity**

19       Finally, Plaintiff argues, in the alternative, that the terms "city" and "seizure," as used in

20   the releases, are ambiguous material terms that create a genuine issue of material fact for the

21   jury.  Pl.'s Mot. Summ. J. at 17.  Specifically, Plaintiff argues that the language used in the

22   releases distinguishes between seizures by the Tacoma Police Department and seizures by the

23   City, indicating that the two are separate legal entities, and it is not clear whether the release

24   applies to the City of Tacoma.  *Id.*  However, as Defendants correctly point out, the Tacoma

ORDER DENYING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 6

1  Police Department and the City of Tacoma are one and the same; the Tacoma Police Department

2  exists by virtue of Tacoma's Charter.  Furthermore, as explained above, the releases absolve

3  Defendants from any and all claims that are in any way connected with the City's seizure.

**CONCLUSION**

5  For the reasons above, Plaintiff's motion for partial summary judgment is DENIED.

6  Dated this 1st day of June, 2012.

Ronald B. Leighton
United States District Judge